1  MARJORIE S. FOCHTMAN, State Bar No. 143201
   mfochtman@nixonpeabody.com
2  DANIELLE N. KLEINMAN, State Bar No. 268838
   dkleinman@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
4  San Francisco, CA 94111-3600
   Tel: 415-984-8200
5  Fax: 415-984-8300

6  Attorneys for Defendant
   CONSTELLATION BRANDS, INC.

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  JULIA SMITH,                          Case No.

13                 Plaintiff,             DECLARATION OF DANIELLE
                                          KLEINMAN IN SUPPORT OF NOTICE
14       vs.                              OF REMOVAL

15  CONSTELLATION BRANDS, INC., a
    Delaware corporation, and DOES 1 through 50,
16  inclusive,

17                 Defendant.

18

19

20       I, DANIELLE KLEINMAN, do hereby declare:

21       1.      I am an attorney with Nixon Peabody LLP and an active member of The State Bar

22  of California and the Bar of this Court. I am counsel for Defendant Constellation Brands, Inc. in

23  the instant action. I have personal knowledge of the facts set forth below. If called upon to testify,

24  I would testify competently to the facts set forth in this Declaration.

25       2.      Attached hereto as Exhibit A is a true and correct copy of the Complaint for

26  Damages filed by Julia Smith in the Superior Court of the State of California in and for the

27  / / /

28

1    County of San Francisco, entitled Julia Smith v. Constellation Brands, Inc., Case No. CGC-16-

2    552561.

3            I declare the foregoing is true under penalty of perjury under the laws of the United States

4    and the State of California.

5            Executed at San Francisco, California, this 21st day of July, 2016.

6

7                                                    Respectfully submitted,

8

9                                                    _____/s/ Danielle N. Kleinman_____

10                                                   Danielle N. Kleinman

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF DANIELLE N. KLEINMAN ISO NOTICE OF REMOVAL**

# EXHIBIT A

**TO DECLARATION OF
DANIELLE N. KLEINMAN
IN SUPPORT OF
NOTICE OF REMOVAL**

1  DANIEL RAY BACON, STATE BAR # 103866
   Law Offices of Daniel Ray Bacon
2  234 Van Ness Avenue
   San Francisco, CA 94102
3  Telephone (415) 864-0907
   Facsimile: (415) 864-0989
4
   ATTORNEY FOR PLAINTIFF
5  JULIA SMITH

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUN 15 2016

CLERK OF THE COURT
BY: _____ ARLENE RAMOS
                    Deputy Clerk

6
7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF SAN FRANCISCO

9                     UNLIMITED JURISDICTION

10
11  JULIA SMITH,                          )    CASE NO.
                                          )
12              Plaintiff,                )    CGC -16-552561
                                          )
13        v.                              )    COMPLAINT FOR DAMAGES
                                          )    AND JURY DEMAND
14  CONSTELLATION BRANDS, INC.,a Delaware )
    Corporation, and Does 1 through 50, inclusive, )
15                                        )
              Defendants.                 )
16                                        )
                                          )
17                                        )
                                          )
18                                        )
                                          )
19  _____ )

20

21  FIRST CAUSE OF ACTION: VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND
22  HOUSING ACT (DISABILITY DISCRIMINATION) [California Government Code §12940(a)];
    SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND
23  HOUSING ACT (FAILURE TO ACCOMMODATE) [California Government Code §12940(m)];
    THIRD CAUSE OF ACTION VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND
24  HOUSING ACT (FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS) [California
25  Government Code §12940(n)]; FOURTH CAUSE OF ACTION: (FAILURE TO PREVENT
    DISCRIMINATION) [(California Government Code §12940(k)];FIFTH CAUSE OF ACTION:
26  WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

27

28                                      BY FAX

Plaintiff's Complaint for Damages

PARTIES AND JURISDICTION

1. Plaintiff Julia Smith (hereinafter "PLAINTIFF" or "Plaintiff") suffered from a disability which she communicated and reported to Defendant on December 24, 2014. Plaintiff resides in Marin County and worked in San Francisco for Defendant.

2. Defendant Constellation Brands, Inc. (hereinafter "CONSTELLATION") is a Delaware Corporation located in Victor, New York, and does business in San Francisco County, State of California. At all times relevant to this complaint Defendant regularly employed more than 50 people in the state of California and was subject to the requirements of the California Fair Employment and Housing Act.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

FACTS COMMON TO ALL CAUSES OF ACTION

6.  Plaintiff Julia Smith ("Plaintiff") was hired on October 6, 2014 by Defendant CONSTELLATION as a Senior Financial Analyst and Plaintiff's direct supervisor was Jon Lawson.  Plaintiff received an early compliment that she was performing good work by Defendant's vice president Ben Duemler.  On or about December 24, 2014, Plaintiff submitted her documents which outlined and described her disability requirements to Defendant's human resource representative in order to request an alternative work schedule as a reasonable accommodation due to her disability.  Plaintiff's requested alternative work schedule included working four hours a day for four days and working one day from home, but Plaintiff's continuing effects of her disability mandated further extensions of her leave of absence which Defendant rejected claiming that Plaintiff needed to return to work.  On March 4, 2015, Plaintiff returned to work despite her pain and medical issues and spoke to Becki Compson who informed Plaintiff that her request for accommodation was not approved.   Plaintiff had been provided a laptop, a company cell phone and had been working from home in the past.   Plaintiff was capable of working from home.   Plaintiff kept Defendant informed of her medical issues during her absences by contacting at least five employees of Defendant and  Plaintiff suggested that Defendant hire a temporary worker to assist her while she was on leave if there was any hardship to the Defendant, but Defendant, at greater expense, flew an employee from New York to assist the company and ignored Plaintiff's requests for accommodation.

7.  Plaintiff was subjected to different terms and conditions of employment after making her request for an alternative work schedule, such as: (1) refusing to provide any sort of orientation to Defendant's operational systems to assist plaintiff in learning Defendant's practices, policies and procedures to complete her assigned tasks; (2) instructing Plaintiff

to have no contact with other co-workers who had transferred to different departments and divisions of Defendant; and (3) failing to provide Plaintiff with adequate support to perform her assigned duties.

8. Plaintiff was consistently assigned to less favorable duties in comparison to other non-disabled employees such as being assigned to seek assistance and training only from Adam Steinkirchner, Plaintiff's co-worker who had little knowledge of the company's procedures and policies since he was in his first professional job out of college and was inexperienced with Defendant's operations. Plaintiff received mostly haphazard assignments from Adam Steinkirchner without any focus on strategic long term goals and assignments. Plaintiff was excluded form meetings which Jon Lawson had with Adam Steinkirchner and was unable to access Adam Steinkirchner's personal computer which held the financial epicenter of the division. Adam Steinkirchner sent incorrect files to Plaintiff which led to confusion.

9. On or about March 13, 2015 Plaintiff was called by Becki Compson and told that she was terminated, that her leave was unapproved by the company and then received a letter stating that she was discharged by Defendant CONSTELLATION for "excessive absenteeism," failure to comply with Defendant's absence policies, and the undue hardship created by the indefinite nature of Plaintiff's absence from work. (See Defendant's letter dated March 13, 2015, attached hereto and incorporated herein as **Exhibit A**.)

10. Plaintiff filed a charge of discrimination on the basis of disability with the U.S. Equal Employment Opportunity Commission (EEOC) and State of California Department of Fair Employment and Housing (FEHA) on June 30, 2015 which was assigned EEOC case number 550-2015-00919 and is attached hereto and incorporated herein as **Exhibit B** to this

Complaint. Plaintiff received a Right-to-Sue Notice dated July 7, 2015, incorporated herein as **Exhibit C**.

## FIRST CAUSE OF ACTION

VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
(DISABILITY DISCRIMINATION)
[California Government Code §12940(a)]

11. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 10, inclusive, of this complaint and makes them a part of this instant cause of action as though fully set forth herein.

12. The Fair Employment and Housing Act ("FEHA") California Government Code §12940(a) prohibits employers from discharging an employee because of a physical disability where he or she could perform the essential functions of the job with or without accommodation. Nadaf-Rahrov v. The Neiman Marcus Group, Inc., 166 Cal. App. 4th 952, 964 (2008).

13. PLAINTIFF was capable of performing the essential functions of her Senior Financial Analyst position and/or other positions at CONSTELLATION with reasonable accommodation. Instead of accommodating PLAINTIFF in her position as a Senior Financial Analyst by granting her request for an alternative work schedule as an accommodation, CONSTELLATION fired PLAINTIFF because of her medical disability.

14. Defendant CONSTELLATION has accommodated other disabled and non-disabled employees, yet it fired PLAINTIFF because of her disability. In treating PLAINTIFF differently in her terms and conditions of employment from non-disabled employees CONSTELLATION has violated the California Fair Employment and Housing Act.

15. As a proximate result of Defendant CONSTELLATION's unlawful employment practices, PLAINTIFF has suffered damages due to lost regular wages and all lost employment

benefits according to proof.  PLAINTIFF further suffered humiliation, embarrassment, mental and emotional distress and discomfort as the proximate result of CONSTELLATION's unlawful employment practices, as well as forcing her to incur attorney fees, costs and certain other incidental damages, all according to proof.

16. On June 30, 2015, PLAINTIFF filed a complaint of discrimination against Defendant with the Equal Opportunity Commission ("EEOC") and Department of Fair Employment and Housing ("DFEH") alleging discrimination on the basis of disability which was assigned EEOC case number  550-2015-00919, and is attached hereto and incorporated herein as **Exhibit B** to this Complaint.  On July 7, 2015 DFEH issued PLAINTIFF a right to sue on case number  550-2015-00919. A true and correct copy of PLAINTIFF's right to sue letter is attached hereto as Exhibit C.

17. At all times herein mentioned, and in acting as alleged herein, Defendant  knew that disability discrimination was and is illegal and wrongful. Notwithstanding such knowledge, and acting oppressively, maliciously, and fraudulently towards Plaintiff, with a conscious disregard of his civil rights, with the intention of causing or recklessly disregarding the probability of causing injury and emotional distress to Plaintiff, Defendant unlawfully discriminated against Plaintiff based upon her disability and unlawfully terminated Plaintiff as alleged above. Defendant's conduct warrants an assessment of punitive damages in a sum according to proof at trial.

WHEREFORE,  PLAINTIFF prays for judgment against Defendant CONSTELLATION as hereinafter alleged;

SECOND CAUSE OF ACTION
VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
(FAILURE TO ACCOMMODATE)
[California Government Code §12940(m)]

18. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 17, inclusive, of this complaint and makes them a part of this instant cause of action as though fully set forth herein.

19. The Fair Employment and Housing Act ("FEHA") California Government Code §12940(m) states that it is unlawful, "For an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." Nadaf-Rahrov v. The Neiman Marcus Group, Inc., 166 Cal. App. 4th 952, 964 (2008).  California Government Code §12940(m) reflects a fundamental public policy of the State of California.

20. Defendant CONSTELLATION failed and refused to grant  PLAINTIFF's request for accommodation by giving her an alternative work schedule and failed and refused to accommodate PLAINTIFF, and instead terminated PLAINTIFF's employment in violation of California Government Code §12940(m).

21. Defendant failed and refused to engage in any good faith interactive process with PLAINTIFF or her physicians to determine if PLAINTIFF could be reasonably accommodated in her job position with Defendant CONSTELLATION by granting her request for an alternative work schedule.

22. At all times relevant hereto there were positions with Defendant that PLAINTIFF could have performed with or without accommodation if Plaintiff had been granted an alternative work schedule.

23. As a proximate result of CONSTELLATION's  unlawful employment practices, PLAINTIFF has suffered damages due to lost regular wages and all lost employment benefits according to proof.  PLAINTIFF further suffered humiliation, embarrassment, mental and emotional distress and discomfort as the proximate result of

CONSTELLATION's unlawful employment practices, as well as forcing her to incur

attorney fees, costs, and certain other incidental damages, all according to proof.

24. On June 30, 2015, PLAINTIFF filed a complaint of discrimination against

CONSTELLATION with the Equal Opportunity Commission ("EEOC") and

Department of Fair Employment and Housing ("DFEH") alleging discrimination on the

basis of disability which was assigned EEOC case number 550-2015-00919, and is

attached hereto and incorporated herein as Exhibit B to this Complaint.   On July 7, 2015

the DFEH issued PLAINTIFF a right to sue on case number 550-2015-00919.  A true

and correct copy of PLAINTIFF's right to sue letter is attached hereto as Exhibit C.

25. At all times herein mentioned, and in acting as alleged herein, Defendant knew that

failure and refusal to accommodate was and is illegal and wrongful.  Notwithstanding

such knowledge, and acting oppressively, maliciously, and fraudulently towards

Plaintiff, with a conscious disregard of her civil rights, with the intention of causing or

recklessly disregarding the probability of causing injury and emotional distress to

Plaintiff, Defendant refused to accommodate Plaintiff and unlawfully terminated

Plaintiff as alleged above. Defendant's conduct warrants an assessment of punitive

damages in a sum according to proof at trial.

WHEREFORE,  PLAINTIFF prays for judgment against Defendant CONSTELLATION as

hereinafter alleged;

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
### (FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS)
[California Government Code §12940(n)]

26. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 25, inclusive, of this complaint and makes them a part of this instant cause of action as though fully set forth herein.

27. The Fair Employment and Housing Act ("FEHA") California Government Code §12940(n) declares it an unlawful employment practice for an employer "to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Nadaf-Rahrov v. The Neiman Marcus Group, Inc., 166 Cal. App. 4th 952, 964 (2008).

28. Once Defendant CONSTELLATION determined that PLAINTIFF was disabled and needed an accommodation it had an affirmative duty to engage in a timely, good faith interactive process with PLAINTIFF and her medical providers to determine whether or not PLAINTIFF could be accommodated in her job position with an alternative work schedule as an accommodation or some other accommodation.

29. Defendant CONSTELLATION failed to engage in any good faith interactive process with PLAINTIFF or her physicians to determine if PLAINTIFF could be reasonably accommodated in her job position with CONSTELLATION.

30. At all times relevant hereto there were positions with CONSTELLATION that PLAINTIFF could have performed with or without accommodation.

31. As a proximate result of CONSTELLATION's unlawful employment practices, PLAINTIFF has suffered damages due to lost regular wages and all lost employment benefits according to proof. PLAINTIFF further suffered humiliation, embarrassment, mental and emotional distress and discomfort as the proximate result of

CONSTELLATION's unlawful employment practices, as well as forcing her to incur attorney fees, costs and certain other incidental damages, all according to proof.

32. On June 30, 2015, PLAINTIFF filed a complaint of discrimination against Defendant CONSTELLATION with the Equal Opportunity Commission ("EEOC") and Department of Fair Employment and Housing ("DFEH") alleging discrimination on the basis of disability which was assigned EEOC case number 550-2015-00919, and is attached hereto and incorporated herein as Exhibit B to this Complaint. On July 7, 2015, DFEH issued PLAINTIFF a right to sue on case number 550-2015-00919. A true and correct copy of PLAINTIFF's right to sue letter is attached hereto as Exhibit C.

33. At all times herein mentioned, and in acting as alleged herein, Defendant knew that failure and refusals to enter into an interactive process with the plaintiff after her repeated requests for accommodation were and are illegal and wrongful. Notwithstanding such knowledge, and acting oppressively, maliciously, and fraudulently towards Plaintiff, with a conscious disregard of his civil rights, with the intention of causing or recklessly disregarding the probability of causing injury and emotional distress to Plaintiff, Defendant refused to accommodate Plaintiff and unlawfully terminated Plaintiff as alleged above. Defendant's conduct warrants an assessment of punitive damages in a sum according to proof at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendant CONSTELLATION as hereinafter alleged;

### FOURTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION
(California Government Code §12940(k)

34. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 33,

Plaintiff's Complaint for Damages          - 10 -

inclusive, in this complaint and makes them a part of this instant cause of action as though fully set forth herein.

35. At all times relevant to this complaint, the Fair Employment and Housing Act and its implementing regulations were in full force and effect and binding on the Defendant.

36. Pursuant to California Government Code § 12940(k), it is unlawful for an employer to fail to prevent discrimination or retaliation from existing in the workplace.

37. In engaging in the conduct described above, the Defendant failed to engage in any reasonable steps to prevent discrimination against Plaintiff.

38. Plaintiff is informed and believes and thereon alleges that the Defendant does not have appropriate policies, procedures, practices, guidelines, rules, and/or training regarding the prevention of discrimination in the workplace.

39. As a direct and proximate result of the Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages as well as forcing her to incur attorney fees, costs and certain other incidental damages, all according to proof.

40. On June 30, 2015,  PLAINTIFF filed a complaint of discrimination against Defendant CONSTELLATION  with the Equal Opportunity Commission ("EEOC") and Department of Fair Employment and Housing ("DFEH") alleging discrimination on the basis of disability which was assigned EEOC case number 550-2015-00919, and is attached hereto and incorporated herein as Exhibit B to this Complaint.  On July 7, 2015, DFEH issued PLAINTIFF a right to sue on  case number  550-2015-00919. A true and correct copy of PLAINTIFF's right to sue letter is attached hereto as Exhibit C.

41. In doing the things alleged herein, the Defendant's conduct as described herein was despicable, and the Defendant acted toward plaintiff with malice, oppression, fraud, and

Plaintiff's Complaint for Damages                    - 11 -

with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, PLAINTIFF prays for judgment against defendant CONSTELLATION as hereinafter alleged;

## FIFTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (ILLEGAL EMPLOYMENT ACTIONS UNDER FEHA)

42. Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 41, inclusive, of this complaint and makes them a part of this instant cause of action as though fully set forth herein.

43. It is the public policy of the State of California to prohibit employers from discharging employees in a discriminatory manner. This public policy is embodied in, *inter alia*, the California Government Code, and the California Code of Regulations, including but not limited to the California Fair Employment and Housing Act.

44. Defendant's termination of PLAINTIFF's employment contravenes the fundamental public policy set forth in California Government Code §12940(a), § 12940 (k), §12940(m) and §12940(n), and Defendant's termination of Plaintiff constitutes a wrongful termination in violation of public policy because Plaintiff's termination was motivated at least in part by (a) Plaintiffs's disability, (b) the Defendant's failure or refusal to provide Plaintiff with a reasonable accommodation, and (c) the Defendant's failure and refusal to enter into the interactive process.

45. As a proximate result of Defendant's unlawful employment practices, PLAINTIFF has suffered damages due to lost regular wages and all lost employment benefits according to

proof. PLAINTIFF further suffered humiliation, embarrassment, mental and emotional distress and discomfort as the proximate result of defendant's unlawful employment practices, as well as forcing her to incur attorney fees, costs, and certain other incidental damages, all according to proof.

46. At all times herein mentioned, and in acting as alleged herein in paragraphs 1 through 45, inclusive, the Defendant knew that its acts constituted oppression, fraud or malice or a conscious disregard of the rights of PLAINTIFF. Defendant so acted intentionally without regard to and harming PLAINTIFF, who is accordingly entitled to an appropriate award assessing punitive or exemplary damages against Defendant.

WHEREFORE, PLAINTIFF prays judgment against Defendant CONSTELLATION as hereinafter alleged;.

## JURY DEMAND

47. Plaintiff herein demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages against Defendant as follows:

1. For general damages in an amount according to proof at trial, together with the legal rate interest thereupon;

2. For special damages, together with the legal rate of interest in an amount according to proof at trial;

3. For emotional suffering damages according to proof at trial;

4. For punitive damages;

5. For all attorney fees incurred herein pursuant to California Government Code Section 12965(b) and California Code of Civil Procedure Section 1021.5.

6. For all costs of suit incurred herein; and

Plaintiff's Complaint for Damages            - 13 -

1

    7.  For such other and further relief as the Court may deem proper or may order.

2

Dated: June 7, 2016

3

                         LAW OFFICES OF DANIEL RAY BACON

4

5

                      By:

6

                         DANIEL RAY BACON

                         Attorney for Plaintiff

7

                         JULIA SMITH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Complaint for Damages       - 14 -

# EXHIBIT A



## Constellation
## Brands

March 13, 2015

Julia Smith
336 Bon Air Center
#241
Greenbrae, CA  94904

Dear Julia:

We are writing to inform you that we have decided to terminate your employment effective today due to your excessive absenteeism, failure to comply with our absence policies, and the undue hardship created by the indefinite nature of your absence from work.

Since you were hired in October, we have attempted to accommodate your work restrictions related to your health condition by providing you with periodic time off, providing you with a leave of absence, agreeing to extend the leave several times, and agreeing to have you return to work on a part-time basis for the month of March.

As we have explained, your absences since March 2 have not been excused. Your doctor released you to return to work beginning on March 2, for four hours per day, with one day from home, and 20 hours per week. We agreed to accommodate this request. However, since March 2, you have reported to work only one day for four hours. You have missed eight out of the last nine work days and you have provided no doctor's note substantiating the need for leave. On Monday, March 2, you told your manager you would get a doctor's note that day. No note was provided. On Friday, March 6, you e-mailed that you would send a doctor's note. No note was provided. On Tuesday, March 10, I explained that you needed to provide a doctor's note covering your absences and you promised to do so. No note has been provided. Thus, your absences are considered unexcused. As you know, our policy provides that, "Excessive absences can be a reason for disciplinary action, up to and including termination." Your unexcused absences are excessive and are a basis for the decision to terminate your employment.

Your failure to follow our notice policy is another basis for the termination of your employment. On Friday, March 6, you did not report for work and did not call your manager to let him know you would not be in, in violation of our policy. On Sunday, March 8, I e-mailed our absence policies to you so that you would be clear about your obligations with respect to your absences, including the requirement to call your manager if you are going to be absent. On Monday, March 9, you did not report to work. On Tuesday, March 10, you did not report to work and did not call your manager regarding your absence, in violation of our policy. In a call on March 10, I explained that because your doctor released you to return to work, you were no longer on a leave of absence and I reiterated the policy that you were required to call your manager each day if you were going to be absent. On Wednesday, March 11 you did not report to work and did not call your manager regarding your absence. On Thursday, March 12, you did not report to work and did not call your manager regarding your absence. Our policy provides

*Our vision: To elevate life with every glass raised*

**Constellation Brands, Inc.** · 207 High Point Drive · Building 100 · Victor, NY 14564
Direct: 585-678-7100 · Fax: 585-678-7103 · www.cbrands.com



**Constellation Brands**

that, "if you are absent for two consecutive working days without notifying your manager, department head, or someone who can relay a message explaining why you're not at work, you will no longer have a job at the Company. Your absence will be considered a voluntary resignation." You have been absent for four days in the past week without contacting your manager and three consecutive days after I specifically informed you of the policy and the consequences. You are in violation of our no call/no show policy and this is a basis for the termination of your employment.

Finally, we have held your job since December, but the continued extensions of your leave have created an undue hardship for your group. After several attempts, we were able to schedule a call with you on Tuesday, March 10 to engage in an interactive process about your ability to perform the essential functions of your position. In the call, you were unsure about whether there were any parts of your job you could perform. In addition, you stated that you could not project a return to work date or even a time frame in which you might return. The continued extensions of your leave, combined with your most recent report that you cannot project a time frame for your return, leads us to conclude that your need for leave is indefinite, and this uncertainty creates an undue hardship for the group. We have attempted to distribute your work among other finance employees and we even flew out another finance employee from New York for several weeks to cover your work, but these are only temporary solutions. Our work needs dictate that we be able to fill the position.

We regret that your employment with Constellation was not successful. We hope that you have a speedy recovery and are successful in obtaining alternative employment.

Sincerely,

*Rebecca Compson*
Rebecca Compson
Manager, Human Resources
585-678-7233

*Our vision: To elevate life with every glass raised*

**Constellation Brands, Inc.** · 207 High Point Drive · Building 100 · Victor, NY 14564
Direct: 585-678-7100 · Fax: 585-678-7103 · www.cbrands.com

# EXHIBIT B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 550-2015-00919 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Julia Smith | Home Phone (Incl. Area Code)<br>(415) 521-5488 | Date of Birth |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 336 Bon Air Center, Apt 241, Greenbrae CA 94904 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>CONSTELLATION BRANDS, INC. | No. Employees, Members<br>Unknown | Phone No. (Include Area Code)<br>(415) 312-3700 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 1255 Battery Street, Suite 300,  San Francisco, CA 94111 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest                Latest<br>03-13-2015<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on or about October 02, 2014. My most recent job title was Senior Financial Analyst, and my direct supervisor was Jon Lawson. On or about December 24, 2014, I submitted my disability documents to the H.R. person to request for alternative work schedule as reasonable accommodation due to my disability. Subsequently, I was subjected to different terms and conditions of employment. For instance, Respondent refused to provide any sort of training to help me to complete the tasks assigned to me. Moreover, I consistently get assigned to less favorable duties in compares to other younger colleagues. On or about March 13, 2015, I was discharged by Respondent.

The reasons that Respondent stated for my discharge were violation of the company's leave policy and excessive absenteeism.

I believe that I was discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jun 30, 2015                _(signature)_<br>Date               Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# EXHIBIT C



STATE OF CALIFORNIA | State and Consumer Services Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

GOVERNOR EDMUND G. BROWN, JR.
DIRECTOR PHYLLIS W. CHENG

6/16

EEOC Number: 550-2015-00919C
Case Name:   Julia C. Smith vs. CONSTELLATION BRANDS, INC.
Filing Date:  July 7, 2015

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

This letter is also your Right to Sue notice. This Right-To-Sue Notice allows you to file a private lawsuit in State court. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

If you have questions about the right to file under federal law, please contact the EEOC using the contact information below.

EEOC Northern California
450 Golden Gate Ave 5-West
PO Box 36025
San Francisco, CA 94102
(415) 522-3000

EEOC Southern California
255 East Temple Ste., 4th Floor
Los Angeles, CA 90012
(213) 894-1100

DFEH-200-02 (01/13)

 CT Corporation

**Service of Process Transmittal**
06/22/2016
CT Log Number 529381458

**TO:** Elaine Ziakas, Associate General Counsel
Constellation Brands, Inc.
207 High Point Dr Bldg 100
Victor, NY 14564-1061

**RE:** **Process Served in California**

**FOR:** Constellation Brands, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Julia Smith, Pltf. vs. Constellation Brands, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Notice(s), Alternative Dispute Resolution, Stipulation(s), Case Management Statement, Attachment(s) |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC16552561 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/22/2016 at 14:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Daniel Ray Bacon<br>Law Offices of Daniel Ray Bacon<br>234 Van Ness Avenue<br>San Francisco, CA 94102<br>415-864-0907 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 783425318114 |
| | Image SOP |
| | Email Notification,  Elaine Ziakas  Elaine.ziakas@CBrands.com |
| | Email Notification,  Barbara LaVerdi  barb.laverdi@cbrands.com |
| | Email Notification,  Brian Meath  brian.meath@cbrands.com |
| | Email Notification,  Lisa Martin  lisa.martin@cbrands.com |
| | Email Notification,  Terri Grenier  terri.grenier@cbrands.com |
| | Email Notification,  Dawn Traficanti  dawn.traficanti@cbrands.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process
Transmittal**
06/22/2016
CT Log Number 529381458

**TO:**   Elaine Ziakas, Associate General Counsel
Constellation Brands, Inc.
207 High Point Dr Bldg 100
Victor, NY 14564-1061

**RE:**   **Process Served in California**

**FOR:**   Constellation Brands, Inc.  (Domestic State: DE)

**TELEPHONE:**              213-337-4615

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**PROOF OF SERVICE**

**CASE NAME:**     **Julia Smith v. Constellation Brands, Inc.**
**COURT:**             **U.S. District Court, N. Dist. of California**
**CASE NO.:**         **TBA**
**NP FILE:**            **201211-140**

        I, the undersigned, certify that I am employed in the City and County of San Francisco, CA; I am over the age of 18-years and not a party to this action; my business address is One Embarcadero Ctr., 18th Fl., San Francisco, CA 94111-3600. On this date, I served the following document(s):

**Declaration Of Danielle Kleinman In Support Of Notice Of Removal**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

 _X_ :   <u>By First-Class Mail</u> – I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, for mailing to the office of the addressee following ordinary business practices.

 ___:   <u>By Personal Service</u> – I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

 ___:   <u>By Overnight Courier</u> – I caused each such envelope to be given to an overnight mail service at my business address, to be hand delivered to the office of the addressee on the next business day.

 ___:   <u>By Electronic Service</u> – By emailing true and correct copies to the persons at the electronic address shown below. The documents were emailed and the transmission completed without error.

<u>Addressee(s)</u>

| | |
|---|---|
| Daniel Ray Bacon<br>Law Offices of Daniel Ray Bacon<br>234 Van Ness Avenue<br>San Francisco, CA 94102 | Attorneys for Plaintiff<br><br>Tel: 415.864.0907<br>Fax: 415.864.0989 |

        I declare under penalty of perjury that the foregoing is true and correct. Executed on July 21, 2016, at San Francisco, California.

John Zic