United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIA SMITH,

    Plaintiff,

v.

CONSTELLATION BRANDS, INC., and DOES 1 through 50, inclusive,

    Defendant.

No. C 16-04101 WHA

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING**

### INTRODUCTION

In this employment discrimination action, defendant moves to dismiss. For the reasons stated below defendant's motion is **GRANTED**.

### STATEMENT

Plaintiff Julia Smith began working for defendant Constellation Brands, Inc., in October 2014 as a financial analyst. In December 2014, Smith, who is represented by counsel, submitted documentation to a human resources representative that "outlined and described her disability requirements" and requested an alternative work schedule. Apart from a vague reference to "back pain" the complaint contains no description of Smith's disability. Smith requested a temporary alternative work schedule that included "working four hours a day for four days and working one day from home." The request was apparently granted for a fixed duration, though the complaint lacks any indication of that duration (Compl. ¶ 6).

On some unspecified date, the effects of Smith's disability "mandated further extensions of her leave of absence." Smith alleges her requests for extensions were denied, but a letter from Constellation — appended as Exhibit A to her complaint — states that Constellation granted several extensions and allowed her to return to work part-time in March. Smith alleges she returned to work on March 4, 2015, but on March 13, 2015, she received a letter from the manager of human resources stating that because she had been absent without leave for eight of nine work days, her employment would be terminated effective immediately (Compl. ¶ 6, Exh. A).

In June 2015, Smith filed complaints with the Equal Employment Opportunity Commission and the Department of Fair Employment and Housing. She commenced this action in San Francisco Superior Court in June 2016. Defendants removed the action to federal court on the basis of diversity jurisdiction. Smith asserts five claims: (i) disability discrimination, (ii) failure to accommodate, (iii) failure to engage in the interactive process, (iv) failure to prevent discrimination, and (v) wrongful termination in violation of public policy. Defendants move to dismiss all claims. This order follows full briefing.

**ANALYSIS**

Constellation contends that Smith's complaint must be dismissed because it fails to allege facts plausibly establishing her eligibility for any disability-related protections — a necessary element of each claim asserted. Indeed, Smith does not deny that her complaint fails to plead facts that address the nature of her purported disability. Rather, she contends her complaint is adequate because it alleged that she gave Constellation *notice* of her disability when she requested her accommodations. The conclusory allegation that Smith's notice to Constellation indicated some unspecified disability is not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Nor does the vague reference to "back pain" plausibly support an inference that she is entitled to any disability-related protections.

Whether Smith's *notice* to Constellation informed it of her alleged disability and request for accommodation does not speak whether the *complaint* gives adequate notice of the basis for her claims — the relevant inquiry here. Smith cannot be allowed to sap the resources of the

Court or drag Constellation into litigation without first demonstrating that she is plausibly entitled to relief. Her complaint fails to make that showing.

Smith cites *Olson v. Mono County Superior Court*, No. 13-2445, 2014 WL 1671586 (E.D. Cal. Apr. 28, 2014) (Judge Lawrence K. Karlton), for the position that she "need not plead her prima facie case . . . but only needs to plead facts that give notice to the employer of the details of the disability" (Pl.'s Opp. at 4). Contrary to Smith, neither *Olson*, nor the authority it relied on, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002), held that a plaintiff could survive a motion to dismiss based solely on the allegation that she gave the employer notice of an unspecified disability. Rather, *Olson* and *Swierkiewicz* held that a plaintiff need not allege a prima facie case under the traditional burden-shifting analysis for discrimination where the facts alleged *directly* support a claim for discrimination. That is not our case. Smith's complaint fails to support a claim for discrimination under *any* theory of liability, whether direct or circumstantial, inasmuch as it lacks any facts plausibly showing that Smith qualified for any protections on the basis of any disability. Indeed, *Olson* specifically stated "[a]t the very least, plaintiff should plead facts describing the nature of her disability and the adverse actions that she alleges she was subjected to" as a result of that disability. Mere back pain, without more, is not a disability under the statute.

Smith argues that finding her complaint inadequate here would be inconsistent with the fact that she also declined to provide details of her disability in her EEOC or DEFH complaints. Those filings were not subject to the same pleading standards set forth herein. Furthermore, there is no indication that the relevant agencies found those complaints adequately pled. Thus, the presence of the aforementioned defects in pleadings in other fora has no bearing on the adequacy of the complaint here.

Smith's complaint may ultimately suffer from additional defects, but those defects cannot be evaluated until the most fundamental aspect of her complaint — her purported disability — is alleged.

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is **GRANTED**. The hearing scheduled for September 8 is hereby **VACATED**.

Smith may seek leave to amend her complaint by filing a formal motion noticed on the normal 35-day calendar within **FOURTEEN DAYS** from the date of this order. The motion must identify how the proposed amendments cure the defects identified above and any others addressed in Constellation's motion. Smith must plead her best case. Smith's motion must be accompanied by a proposed amended complaint and a redlined copy of the proposed amended complaint. Failure to timely file a motion seeking leave to amend will result in dismissal of the action.

**IT IS SO ORDERED.**

Dated: September 2, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4