IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIA SMITH,

    Plaintiff,

v.

CONSTELLATION BRANDS, INC.,
a Delaware corporation, and DOES 1
through 50, inclusive,

    Defendants.

No. C 16-04101 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

In this employment-discrimination action, defendant moves to dismiss. For the reasons below, the motion is **GRANTED**.

## STATEMENT

Plaintiff Julia Smith began working for defendant Constellation Brands, Inc., as a senior financial analyst in October 2014. In her brief time with Constellation, Smith received compliments from a superior for her "good work" and successfully identified possible problem areas of Constellation's accounting and financial system (Amd. Compl. ¶¶ 6, 8). At some point during her employment, Smith told Co-worker Julie Moffet that she was not given access to the information and records needed to perform her job and that she lacked support from her manager and another co-worker. Co-worker Moffet subsequently warned her that it was a bad idea for plaintiff to engage in such discussions because she would suffer backlash as a result (*ibid.*).

Two months after she began working, Smith received a diagnosis of "several medical conditions and disabilities, particularly Cervical and Lumbosacral Radiculopathy, Thoracic Outlet Syndrome and Stenosis, as well as muscle spasms, bulging disks in her neck and unidentified masses in her head or neck region, and resulting or related chronic pain" (*id.* ¶ 6). As an alleged result, she was unable to "participate in major life activities, including working, walking, head and neck mobility, and other physical exercise and social recreational activities" (*ibid.*). At some point unspecified in the complaint, Smith took a leave of absence. This order presumes that the leave of absence was in or about the time that she received the foregoing diagnosis.

On December 24, 2014 Smith submitted documents outlining and describing her conditions to a HR representative and requested an alternative work schedule as an accommodation. Her requested alternative work schedule included working four hours a day for four days per week and working one day from home. However, her continuing conditions led to an alleged need for further extensions of her total leave of absence, which Constellation rejected. After she requested work accommodations, Constellation also denied Smith orientation to its operational systems, instructed her to refrain from contacting co-workers who transferred to different departments, and assigned her less favorable duties in comparison to other non-disabled employees, such as having to seek assistance and training only from her Co-worker Adam Steinkirchner (*id.* ¶¶ 6, 9).

On March 4, 2015, Smith returned to work. Upon her return, Smith's HR Manager Rebecca Compson informed her that her request for accommodation had been denied. Smith did not return to work after March 4. Smith kept Constellation informed of her medical issues during her absence by contacting "at least five employees" of Constellation (*id.* ¶¶ 7, 9–10; Exh. A). The complaint neglects to identify any of these five employees.

On March 13, 2015, HR Manager Compson called and informed Smith she had been terminated. On the same day, Smith received a letter from HR Manager Compson informing

2

her of her termination because of her absence from work on March 6 and 8–12 and violation of Constellation's absence policy, stating:

> We are writing to inform you that we have decided to terminate your employment effective today due to your excessive absenteeism, failure to comply with our absence policies, and the undue hardship created by the indefinite nature of your absence from work . . . your absences since March 2 have not been excused . . . . Your doctor released you to return to work beginning on March 2 . . . we agreed to accommodate this request . . . . Our policy provides if you are absent for two consecutive working days without notifying your manager, department head, or someone who can relay a message explaining why you're not at work, you will no longer have a job at the Company. Your absence will be considered a voluntary resignation. You have been absent for four days in the past week without contacting your manager and three consecutive days . . . . You are in violation of our no call/no show policy and this is a basis for the termination of your employment.

(*id.* ¶ 11; Exh. A).

On June 30, 2015, Smith filed complaints with the Equal Employment Opportunity Commission and the Department of Fair Employment and Housing. Smith commenced this action in San Francisco Superior Court in June 2016. Constellation removed the action to federal court on the basis of diversity jurisdiction. An order granted Constellation's motion to dismiss all claims and allowed her to seek leave to amend (Dkt. No. 12). Smith moved for leave to amend, and Constellation filed a statement of non-opposition, reserving the right to move to dismiss (Dkt. No. 23). Smith filed her amended complaint, and Constellation now moves to dismiss all claims. This order follows full briefing and oral argument.

## ANALYSIS

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009). Smith must plead sufficient facts to create a plausible inference that she is entitled to relief for all of her claims.

### 1. CLAIMS GROUNDED ON SMITH HAVING A DISABILITY.

Smith's claims for disability discrimination, failure to provide accommodation, failure to engage in the interactive process, failure to prevent discrimination in the workplace, and violation of public policy against wrongful termination under the California Fair Employment

3

1    and Housing Act require her to make a prima facie showing that she has a qualified disability

2    under the FEHA.  *See* Cal. Gov't Code § 12940(a) (disability discrimination); Cal. Gov't

3    Code § 12940(m) (failure to provide accommodation); Cal. Gov't Code § 1240(n) (failure to

4    engage in the interactive process); Cal. Gov't Code § 12940(k) (failure to prevent discrimination

5    in the workplace); Cal. Gov't Code § 12920 (public policy against wrongful termination).

6    Constellation contends that Smith's claims should be dismissed because Smith's

7    complaint does not contain factual allegations sufficient to plausibly show that she suffers from

8    a FEHA disability.  The FEHA defines "physical disability" as a condition that affects one or

9    more bodily systems and limits a major life activity, including working.  Cal. Gov't Code

10   § 12926(m)(1).

11   Pain can be a disability under the FEHA if it actually limits the employee's ability

12   to work.  For the pain to rise to the level of a disability, there must be some "corresponding

13   limitation on activity."  *See Arteaga v. Brink's Inc.*, 163 Cal. App. 4th 327, 347 (2008).

14   For instance, in *Leatherbury v. C & H Sugar Co.*, 911 F. Supp. 2d 872, 880–881 (N.D. Cal.

15   2012) (Judge Susan Illston), the plaintiff failed to establish a prima facie case for disability

16   discrimination when he alleged he suffered from osteoarthric knees.  Although the plaintiff

17   there did allege this condition made it more difficult for him to climb and crawl as required by

18   his job, he did not show how the condition made him unable to *complete* his job.  *Id.* at 881.

19   So too here.  Smith's allegations that she suffers from muscle spasms, bulging disks

20   in her neck, and other medical symptoms that cause her "pain or related chronic pain" are

21   insufficient to establish a plausible claim that she has a disability (Amd. Compl. ¶ 6).  In mere

22   conclusory fashion, Smith alleges her disability "limited [her] major life activities, including

23   working, walking, head and neck mobility, and physical exercise" (*ibid.*).

24   Smith is obliged to allege facts explaining how her "pain" prevented her from performing

25   her employment duties to establish she has a prima facie disability.  Smith's allegations that she

26   has "pain" and limited "head and neck mobility" merely show — at most — that her conditions

27   may make it *difficult* for her to do her job (Amd. Compl. ¶ 6).  These allegations are not enough

28

4

to make a plausible inference that she is unable to do her job and has a qualified disability, which is an essential element to all of her claims.

All should note that these should be facts well within Smith's personal knowledge, so discovery was unnecessary to have filled in these blanks.

Smith's claims for disability discrimination, failure to provide accommodation, failure to engage in the interactive process, failure to prevent discrimination in the workplace, and violation of public policy against wrongful termination under the FEHA all fail. The motion to dismiss these claims is **GRANTED.**

Smith also claims relief for retaliation under the FEHA and the Americans with Disability Act. Smith alleges she suffered from retaliation in the form of adverse actions, including termination, after making a request for accommodations (Amd. Compl. ¶ 50). Constellation failed to give her orientation to Constellation's operational systems, prohibited her from contacting co-workers who transferred to different departments, and forced her to only seek assistance from a single co-worker she believed "ha[d] little knowledge of the company's procedures and policies" (*id.* ¶ 9). Smith further alleges her manager and a co-worker excluded her from their meetings and Constellation prohibited her from accessing another co-worker's computer (*id.* ¶ 10).

Requesting a reasonable accommodation for a disability constitutes a protected activity under the ADA. This claims fails at the threshold, however, for Smith has not properly alleged a plausible disability, as already explained. Constellation's motion to dismiss Smith's claim for retaliation based on the ADA is **GRANTED**.

Smith's claim for retaliation under the FEHA also fails. Smith was terminated on March 13, 2015, and filed her charge of discrimination to the EEOC on June 30, 2015 (Amd. Compl. ¶¶ 11–12). At the time Smith was terminated, a request for accommodation was not a protected activity from retaliation under the FEHA. *Rope v. Auto-Chlor System of Washington, Inc.*, 220 Cal. App. 4th 635, 652 (2013). As a result, Smith cannot base her claim of retaliation under the FEHA on her alleged request for an accommodation. Constellation's motion to dismiss Smith's claim for retaliation under the FEHA is **GRANTED**.

### 2. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.

Smith claims Constellation violated the public policy underlying California Labor Code Section 232.5. Smith alleges her termination was motivated by "her discussion and disclosure of working conditions at Constellation" (Amd. Compl. ¶ 46). Smith further alleges she disclosed to Co-worker Moffet that she could not access the information and records needed to perform her job and that she lacked support from her manager and Co-worker Steinkirchner (*id.* ¶ 8). In response, Co-worker Moffet warned her that it was a "bad idea for plaintiff to engage in such discussions because she would suffer backlash as a result" (*ibid.*). Smith was then terminated on March 13, 2015 (*id.* ¶ 11).

California Labor Code Section 232.5 prohibits an employer from discharging, formally disciplining, or otherwise discriminating against an employee who discloses information about the employer's working conditions. This statute is designed to protect employees who complain about or disclose information to regulators or those responsible for their work conditions within the company, for instance, HR managers or supervisors. This statute is not meant to encourage workplace grousing to co-workers and thus undermining workplace morale. An employee who ruins workplace esprit by grousing to co-workers may be disciplined and this statute does not bar such discipline.

Smith's complaint alleges nothing more than grousing to a co-worker. In addition, her complaint actually even fails to allege that she was terminated for what she said to her co-worker. Constellation's motion to dismiss for this claim is **GRANTED**.

### 3. CONSTELLATION'S *SPREWELL* ARGUMENT.

Constellation contends that all of Smith's claims under the FEHA should be dismissed even if she could establish that she had a disability. Constellation bases this argument on the fact that the termination letter from Constellation that Smith appended to her original complaint contradicts the allegations of her instant complaint. Constellation's argument need not be reached because it would not change the legal outcome of this order.

6

**CONCLUSION**

For the reasons above, defendant's motion to dismiss all of plaintiff's claims is **GRANTED**. Further leave to amend will not be allowed because plaintiff was already given an opportunity to amend and was admonished to plead her best case (Dkt. Nos. 12, 25).

**IT IS SO ORDERED.**

Dated: January 19, 2017.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE